# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Sara Diaz-Lebel, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TD Bank USA, N.A.; and Target Corporation,<br><br>    Defendants. | Civ. No. 17-5110 (MJD/BRT)<br><br>**ORDER** |

Daniel M. Hutchinson, Esq., Lieff, Cabraser, Heimann & Bernstein LLP, counsel for the Plaintiff.

Brian Melendez, Esq., Barnes & Thornburg LLP, counsel for Defendants.

Now before the Court are two motions to compel filed by Plaintiff. (Doc. Nos. 227, 242.) In the first motion, Plaintiff moves to compel the production of wrong number call data. (Doc. No. 227.) In the second motion, Plaintiff moves to compel the production of documents relating to whether Defendants' alleged violations of the Telephone Consumer Protection Act ("TCPA") were knowing or willful. (Doc. No. 242.) For the reasons stated below, Plaintiff's motion to compel wrong number call data is granted in part and denied in part, and Plaintiff's motion to compel documents relating to knowing or willful violations is denied.[1]

---

[1] Also before the Court is Defendants' Motion to Join a Third-Party Defendant. (Doc. No. 252.) This motion will be addressed in a separate order.

## I. Background

This case was originally filed in the District of New Jersey on March 9, 2017 and transferred to the District of Minnesota on November 15, 2017. Prior to transfer, the court in New Jersey set a pretrial schedule. Apparently, there were "letter" motions that were unresolved before transfer. More than a month after transfer, Plaintiff filed her first motion to compel in the District of Minnesota on January 4, 2018. (Doc. No. 99.) The Court held a status conference on January 5, 2018, and a hearing was scheduled for February 8, 2018. (Doc. Nos. 107, 151.) The Court issued a written Order on February 23, 2018, denying Plaintiff's motion without prejudice. (Doc. No. 184.) The Order clearly directed the parties to meet and confer and for Plaintiff to prepare targeted requests that were consistent with Rule 26, taking into account burden and proportionality. (*See id.*)

At the February 8, 2018 hearing, this Court also heard Defendants' motion to stay the case pending the outcome of *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir.) The Court granted only a short, ninety day stay, except to conduct discovery meetings. (Doc. No. 184.) The February Order expressly put the parties "on notice that they should be prepared to move forward with this case following the ninety day period if a further stay [was] not warranted." (*Id.* at 4.) Significantly, this Court permitted Plaintiff to prepare and serve new sets of requests and interrogatories during the stay period. However, Defendants were not obligated to respond until at least thirty days after the stay was lifted. (*Id.* at 5.)

The stay was lifted on May 2, 2018, following a status call. (Doc. No. 216.)

The Court requested an updated Scheduling Order proposal. The parties jointly proposed that fact discovery close on August 30, 2018. (Doc. No. 218.) Consistent with the parties' proposals, the Court entered a new Scheduling Order with discovery closing on August 30, 2018. (Doc. No. 219.) Consistent with past joint proposals, the deadline for Plaintiff's motion for class certification was set around thirty days later, on September 27, 2018. (*Id.*)

This Court was not asked to intervene in the parties' discussions as to the scope of discovery regarding Target's ESI on call record documents following the Order to meet and confer. Plaintiff's counsel lists multiple dates for their meet and confer sessions as ordered by the Court, including: March 22, April 16, May 16, and June 14. It is unclear when Plaintiff served her document request pertaining to call record documents. It is also unclear when Plaintiff understood Target's position and any alternative proposals for a less burdensome approach. Unfortunately, counsel on each side pointed to the other as impeding the meet and confer process. As is obvious by Plaintiff's motion, the parties never came to an agreement about the scope of this discovery. Plaintiff filed her motion on June 20, 2018, seeking all documents responsive to the Request, including all call data and all account records for the entire class action period. (Doc. No. 227.) Given this Court's schedule, with no concerns raised by either side about expediting resolution of the dispute, a hearing was scheduled for August 28, 2018. Plaintiff did not take any steps to move to modify the Scheduling Order to move the deadline for her class certification motion or alert the Court that this might be required.

## II. Analysis

### A. Motion to Compel Calling Data and Account Records[2]

Plaintiff moves to compel a full response to the following document request:

> For each telephone number coded by YOU with a wrong party, third party, and/or other code, abbreviation, designation, or other marking showing that the telephone number is a wrong number or otherwise belongs to a person who does not have a Target REDcard contract with YOU or TD BANK, ESI showing: (a) the telephone number called, (b) the date, time, and duration of each call, (c) the DIALER used to place the call, (d) whether the call included a prerecorded and/or artificial voice, and (e) the TSYS account notes for that number.

(Doc. No. 228, Pl.'s Mem. of Law in Supp. of Mot. for Order Compelling Prod. ("Pl.'s Mem.") 5.) Plaintiff's request includes all records tagged with a wrong party (WP) code. At the hearing, Defendants disclosed that hundreds of thousands of records would be hit by this part of Plaintiff's request. Target explained that this set of records was not reliable for purposes of identifying wrong numbers related to the proposed class. Thus, Target explained the need to cross-reference account records. Prior to 2016, these account records were not searchable and cross-referencing would require extensive manual work. After 2016, account records were searchable and WP account records could all be retrieved for further examination into the reason for the WP code entry. During the hearing, the wrong number records were referred to as "Bucket One" and the corresponding, highly confidential account records were referred to as "Bucket Two."

---

[2] The Court held a joint hearing on this motion and a nearly identical motion in a related case involving Target. (*See* Doc. No. 266; *Garcia v. Target*, Civ. No. 16-2574 (MJD/BRT), Doc. No. 97.)

Plaintiff wants all records from both Buckets that were tagged with the WP code. Defendants estimated that the hits in Bucket One would be around 300,000. The collection of Bucket One is not burdensome. However, some type of cross-reference to Bucket Two is necessary to analyze the ratio of WP hits related to the class as compared to unrelated WP codes. The exercise of cross-referencing hundreds of thousands of records is nearly impossible, because many of the records predate 2016, requiring manual search and then manual review. The exercise of cross-referencing post-2016 is less burdensome because the collection is not manual. However, the review of each account record to identify the reason for the WP code involves at least some manual review.

As touched upon above, the account records in Buckets One and Two are likely to include irrelevant calls that are not the wrong number calls subject to this lawsuit. Moreover, the account records in Bucket Two include highly sensitive financial and personal information about the credit account holder. Target objects to the discovery on the grounds that the burden of producing every record in both Buckets will include untold irrelevant confidential information belonging to their card holders and that this vast volume of private data cannot be adequately protected under the protective order in place. Target also argues that the scope of the discovery sought is not proportional under Rule 26.

After hearing from both sides about the nature of the data, the burdens imposed by the Request as demanded, the need for the data, and the practical realities involved, the Court went off the record to allow the parties to meet and confer and then further encouraged the parties off the record to reach a compromise. The Court took a recess and

counsel conferred for approximately 20 minutes. In the related case, it appeared that a compromise was reached. In this case, however, there was no agreement to compromise. Therefore, this Court must issue a ruling.

The sheer burden and proportionality concerns prevent this Court from ordering that all documents responsive to this request be produced. Plaintiff's alternative proposals did not end the inquiry, because Plaintiff wanted Target to collect and process a significant number of documents now, reserving the right to demand all of the documents later. As further discussed below, this was no compromise. At the hearing, this Court discussed a number of compromise positions, which Defendants' counsel agreed to consider, potentially using a subset of records from 2016 from both Buckets as an appropriate sampling. During the course of the hearing, Defendants represented that numerosity would not be challenged in class certification proceedings. Plaintiff, however, insisted that she should still have access to all documents after class certification. In other words, a compromise now would not alter Plaintiff's demand for *potentially all* of the documents later. Moreover, Plaintiff did not suggest ways that a limited follow-up request for some documents might be approached if any sampling compromise proved problematic. As is clear by the Scheduling Order, this Court has not bifurcated discovery pre-certification or post-certification. All fact discovery will close on August 30, 2018. Therefore, the dispute regarding the Request at issue must be decided now.

In the end, Plaintiff framed this as an "all or nothing" motion. The discovery demanded in the request at issue is burdensome and not proportional to the needs of the case. *See Nece v. Quicken Loans, Inc.*, Case No. 8:16-cv-2605-T-23CPT, 2018 WL

1072052, at *1 (M.D. Fla. Feb. 27, 2018) (denying discovery where plaintiff sought class-wide data "[r]ather than request a reasonable sample"). This Court could easily justify denying Plaintiff's "all" and give her "nothing." Plaintiff's counsel asserted at the hearing that he has been diligently pursuing this discovery all throughout this case and engaging in multiple meet and confers. But Plaintiff did not file a motion seeking Court intervention after the early meet and confer discussions failed. Plaintiff has not committed to a proposal that would require less than "all" the documents.[3] Since May 2, 2018, the pretrial clock ticked away and Plaintiff did not express any urgency when filing this motion at the end of June with a hearing set for late August just before the close of discovery.

Despite the appropriateness of the "nothing" option, this Court, in the interests of justice, will order "something" and will require Target to produce all of the Bucket One records and at least 1,000 corresponding account records in 2016 from Bucket Two. *See City Select Auto Sales, Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 439 (3d Cir. 2017) ("because the database was not produced during discovery, plaintiff was denied the opportunity to demonstrate whether a reliable, administratively feasible method of ascertaining the class exists based, in whole or in part, on that database."). Target must collect and preserve, but not produce, all account records in 2016 in the event it is necessary to cross-reference additional 2016 records, via a showing of sufficient good

---

[3] Plaintiff through this motion informed the Court that there were multiple meetings, but never used that information to present a proposal to produce a statistically sound subset of data or even a way to sample the data early on after this Court's February 23, 2018 Order.

7

cause.[4] While this Court understands that this is a burden to Target, the balance of the burden with the benefit warrants this approach. Target's confidentiality concerns regarding mass production of hundreds of thousands or even tens of thousands of account records is also addressed. The parties must work to confirm protective order protocol for the production no later than September 4, 2018. Defendants must produce the files to Plaintiff by September 14, 2018. With that, discovery is closed.

> **B.** **Motion to Compel Production of Documents Related to Willful or Knowing Violations of TCPA**

Plaintiff moves for an order compelling Defendants to produce two categories of documents: (1) documents related to consumer complaints and (2) documents related to Defendants' TCPA compliance. Plaintiff's Document Request No. 23 sought TCPA complaint documents:

> ALL DOCUMENTS and/or ESI (including but not limited to investigation files, logs, or databases) CONCERNING OR RELATING TO requests, inquiries, demands, claims, grievances, concerns, protests, or complains made against YOU, CONCERNING OR RELATING TO a DIALED CALL. This document request includes all forms of communications—either in writing or orally, formal or informal, to YOU.

(Doc. No. 244, Pl.'s Mem. 3.) Plaintiff's Document Request No. 20 sought TCPA compliance documents:

> All DOCUMENTS and/or ESI, including but not limited to notes, memoranda, electronic mail, letters, and/or meeting minutes, referring or relating to YOUR and/or TD BANK's compliance with any state and/or

---

[4] If a party wishes to pursue such a request, that request would need to be made following a meet and confer by motion. The motion would need to seek to amend the scheduling order to permit examination. The applicable standards by Rule and caselaw would apply.

federal laws or regulations involving the use of DIALED CALLS,
including the TCPA and its implementing regulations.

(*Id.* at 4.)

On February 23, 2018, the Court denied a motion to compel responses to these discovery requests. (*See* Doc. No. 184.) In that Order, the Court stated as follows:

> Plaintiff's Motion to Compel is denied without prejudice. During the stay period, counsel for Plaintiff must meet with counsel for the Defendants to discuss the information Plaintiff seeks through discovery. Target, through its counsel, must provide Plaintiff with information about whether Target maintains this information, how it is maintained or stored, and how it can be accessed. Following this meeting (or meetings) *Plaintiff must prepare a new set of documents requests and interrogatories* that are tailored to the case. This Order does not preclude Plaintiff from serving the same requests if the meeting or meetings confirm that the requests seek discoverable and proportional discovery . . . . The new set of requests and interrogatories can be served at any time within the discovery deadlines following the parties' meet and confer, even while the stay is in effect.

(*Id.* at 4–5 (emphasis added).) Plaintiff failed to prepare a new set of interrogatories and document requests as required by the Court's Order, even after being alerted to the issue by Defendants' counsel in early June. (*See* Doc. No. 246.) At the hearing, Plaintiff's counsel offered no justification for his failure to comply with the Court's Order. While the Court appreciates the "apology," this does not warrant enforcement of discovery requests that were denied and never renewed. Since Plaintiff did not comply with the Court's February 23, 2018 Order, these document requests are not properly before the Court. Plaintiff's motion to compel is denied.

# ORDER

Therefore, based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel Production of wrong number call data (Doc. No. 227) is **GRANTED IN PART** and **DENIED IN PART**; and

2. Plaintiff's Motion to Compel documents relating to willful or knowing TCPA violations (Doc. No. 242) is **DENIED**.

Date: August 30, 2018.                    *s/ Becky R. Thorson*
                                          BECKY R. THORSON
                                          United States Magistrate Judge