# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Sara Diaz-Lebel, on behalf of herself and all others similarly situated, | Civ. No. 17-5110 (MJD/BRT) |
| Plaintiff, | **ORDER** |
| v. | |
| TD Bank USA, N.A.; and Target Corporation, | |
| Defendants. | |

Daniel M. Hutchinson, Esq., Lieff, Cabraser, Heimann & Bernstein LLP, counsel for the Plaintiff.

Brian Melendez, Esq., Barnes & Thornburg LLP, counsel for Defendants.

This is a putative class action under the Telephone Consumer Protection Act ("TCPA"). Now before the Court is Defendants' motion to join Lineta E. Fanaras as a third-party defendant in this action. (Doc. No. 252.) Ms. Fanaras, in an application for a Target credit card account, provided the telephone number that was called by Defendants in relation to this action. Defendants seek indemnity or contribution from Ms. Fanaras for their potential liability resulting from providing the subject telephone number on her credit application. The Court held a hearing on this motion on August 28, 2018. (Doc. No. 266.)

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be

liable for all or part of the claim against it." Where "leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted." *E3 Biofuels, LLC v. Biothane, LLC*, No. 11-44, 2013 WL 12121994, at *1 (D. Neb. June 7, 2013) (quoting *Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 448 (8th Cir. 1995)). The "criteria for granting a motion to amend under Rule 15 are useful in assessing a motion to add a third-party defendant." *Id.* Under Rule 15, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008).

The discovery deadline expires today and class certification motions are due on September 27. Adding a third party to this case so Defendants can pursue claims that are unrelated to those of the putative class members has the potential to unnecessarily delay and complicate these proceedings. *See Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1060 (N.D. Cal. 2000) ("Adding a [third-party] claim to this case would inject facts and legal issues which have nothing whatever to do with Plaintiffs' claims . . . would prejudice Plaintiffs and certainly not save the court any time."). Indeed, Defendants have thus far been unable to serve Ms. Fanaras with a subpoena for discovery purposes, further highlighting the potential for delay. Moreover, Defendants would not be prejudiced because they are free to sue Ms. Fanaras in a separate action. Therefore, the Court will deny Defendants'

motion on the grounds of undue delay and unfair prejudice to the Plaintiff and potential class members.[1]

## ORDER

Therefore, based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Join Third-Party Defendant (Doc. No. 252) is **DENIED**.

Date: August 30, 2018.

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

---

[1] The Court is also skeptical that haling Ms. Fanaras into Minnesota court would comport with due process. *See, e.g.*, *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010) (discussing the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984)). At the hearing, Defendants conceded that the doctrine of pendent personal jurisdiction is inapplicable.